```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
MICHAEL KHING and
MKS SUSHI, INC.,

                    Plaintiffs,
                                                        14 CV 4004 (SJ)
            -against-
                                                        MEMORANDUM &
                                                        ORDER


NAY LIN, NAY HLA, and
SUSHI AVENUE, INC.,

                    Defendants.
----------------------------------------------------X
```

A P P E A R A N C E S
LAW OFFICES OF VINCENT S. WONG
39 East Broadway
Suite 304
New York, NY 10002
By:   Vincent Wong
*Attorney for Plaintiffs*

MADIGAN, DAHL & HARLAN, P.A.
222 South Ninth Street
Suite 3150
Minneapolis, MN 55402
*Attorneys for Defendants*

**JOHNSON, U.S.D.J:**

The instant action was brought by plaintiff Michael Khing ("Khing"), a resident of New York, against individual defendants (and siblings) Nay Lin ("Lin"), and Nay Hla ("Hla"), residents of Minnesota, and Sushi Avenue, Inc. ("Sushi Avenue"), a Minnesota corporation with its principle place of business in

1

Minnesota. Lin and Hla are the owners and operators of Sushi Avenue, a business that runs sushi kiosks in grocery stores and supermarkets. On February 7, 2005, Khing and Sushi Avenue entered into a contract (the "Agreement"). Pursuant to the Agreement, Defendants sold sushi and related foodstuff to Khing, who then sold the sushi at a sushi bar located inside a Gourmet Garage supermarket in the Soho section of Manhattan. The Agreement entitled Khing to roughly 67% of the gross proceeds, minus certain administrative costs. Khing alleges to have paid $3,500 upfront to Defendant Lin to secure the contract.

Khing claims that, little by little, Defendants decreased his salary in contravention of the Agreement. Specifically, he alleges that "[a]fter 7 months…Khing received a phone call from Lin who informed him that Khing's share…would be reduced to 60%." Khing alleges that it was further reduced to 58%.

The parties entered a second agreement on March 12, 2010. In it, the parties agreed that Khing's compensation would be 60% of gross sales. However, according to the allegations of the Amended Complaint, "[s]tarting around the end of 2012 and continuing into 2013 Defendants began to delay paying" and sent partial payments, such that Plaintiff was still receiving partial payments in January 2014 for sales made in July 2013. Plaintiff claims he is still owed $118,282.66.

Both agreements contain the following provisions:

It is the intention of the parties to this agreement that this agreement and the performance under this agreement, and

all suits and special proceedings under this agreement, be construed in accordance with an under and pursuant to the laws of the State of Minnesota, and that, in any action, special proceeding and other proceeding [t]hat may be brought arising out of, in connection with or hereby [*sic*] reason of this agreement, the laws of the State of Minnesota, shall be applicable and shall govern to the exclusion of the law of any other forum, without regard to the jurisdiction in which any action or special proceeding may be instituted.

[…]

Any and all suits for any and every breach of this contract may be instituted and maintained in any court of competent jurisdiction in the county of Dakota, State [of] Minnesota.

Plaintiff filed the instant action in this Court on June 27, 2014. Defendants move to dismiss pursuant to 12(b)(1) for lack of subject matter jurisdiction or, in the alternative, on the grounds of *forum non conveniens*. Based on the submissions of the parties, and for the reasons stated below, the motion is DENIED.

## DISCUSSION

"Questions of venue and the enforcement of forum selection clauses are essentially procedural, rather than substantive, in nature." Jones v. Weibrecht, 901 F.2d 17, 19 (2d Cir. 1990). Therefore, "the district court has the power to 'decline jurisdiction as a means of enforcing a valid forum selection clause in a contract.'" Carematrix of Massachusetts, Inc., v. Kaplan, 385 F. Supp. 2d 195, 197 (S.D.N.Y.

3

2005) (quoting Mediter. Shipping Co. S.A. Geneva v. POL-Atl., 229 F.3d 397 (2d Cir. 2000)); see also Liberty USA Corp. v. Buyer's Choice Ins. Agency, LLC, 386 F. Supp. 2d 421, 423-424 (S.D.N.Y. 2005) (collecting cases).

The parties do not dispute that Phillips v. Audio Active Ltd., 494 F3d 378 (2d Cir. 2007), governs the four-part test used to determine whether a forum selection clause mandates dismissal. That test asks (1) whether the clause was reasonably communicated to the party it is being offered against; (2) whether the clause is mandatory or permissive; and (3) whether the claims and parties of the instant action are subject to the clause. Id. at 383. If these three elements are met, the clause is presumptively enforceable and the party resisting enforcement has the opportunity to demonstrate that the clause ought not to be enforced for some other reason, such as "fraud or overreaching." Id. at 384 (quoting M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15 (1972)).

Here, the venue clause is not mandatory. It states that all suits between the parties "may" be maintained in the courts of Dakota County, Minnesota. It does not state that all suits shall be maintained there. "When only jurisdiction is specified the clause will generally not be enforced without some further language indicating the parties' intent to make jurisdiction exclusive." John Boutari and Son, Wines and Spirits, S.A. v. Attiki Importers and Distrib., Inc., 22 F.3d 51, 52-53 (2d Cir. 1994) (collecting cases); see also Macsteel Intern. USA Corp. v. M/C

4

Larch Arrow, Her Engines, Boiler, Etc., 354 Fed. Appx. 537, 539 (2d Cir. 2009) ("A mandatory forum selection clause grants exclusive jurisdiction to a selected forum, while a permissive forum selection clause only reflects the contracting parties' consent to resolve disputes in a certain forum, but does not require that disputes be resolved in that forum.") (citation omitted); DataCard Corp. v. Softek, Inc, 645 F. Supp. 2d 722, 729 (D. Minn. 2007) ("Mandatory forum-selection clauses require a case to be brought in an identified venue based on 'specific language indicating the parties' intent to make jurisdiction exclusive . . . Permissive forum-selection clauses . . . constitute nothing more than a consent to jurisdiction and venue in the named forum and do not exclude jurisdiction in any other forum."); Florida State Bd. of Admin. v. Law Eng'g and Envtl. Servs., Inc., 262 F. Supp. 2d 1004 (D. Minn. 2003) ("The fact that the clause does not contain any mandatory or exclusive language but instead includes the permissive words 'may be brought' illustrates that the clause does not require but merely permits plaintiff to file suit" in the stated jurisdiction.") (citation omitted).

Therefore, Defendants' motion to dismiss on the basis of the forum selection clause is denied.

*Forum Non Conveniens*

Defendants next argue that the case should be dismissed pursuant to the doctrine of forum non conveniens. However, "a dismissal is generally improper where transfer is available as a remedy." Gazis v. John S. Latsis (USA), Inc., 729 F. Supp. 979, 987 (S.D.N.Y. 1990); see also Caldwell Mfg. Co. v. Unique Balance Co., 18 F.R.D. 258, 267 (S.D.N.Y. 1955) (comparing "strict" dismissal under forum non conveniens to broader discretion to transfer procedure of 28 U.S.C. 1404(a)); Marks v. Fireman's Fund Ins. Co., 109 F. Supp. 800, 802 (S.D.N.Y. 1953) ("28 U.S.C.A. § 1404(b), the statute makes possible a discretionary transfer of civil actions from one district to another which was not possible before its enactment").

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404. "Section 1404(a) is merely a codification of the doctrine of forum non conveniens for the subset of cases in which the transferee forum is within the federal court system." TempWorks Software, Inc. v. Careers USA, Inc., No. 13 CV 2750, 2014 WL 2117344, at *7 (D. Minn. May 21, 2014); see also Chapman v. Sorenson, No. 10 CV 711, 2013 WL 2470143, at *1 (D. Minn. Jun. 7, 2013) ("Because an alternative

federal forum is available. . . the forum non conveniens question is addressed under 28 U.S.C. § 1404(a)) (citing Bacon v. Liberty Mut. Ins. Co., 575 F.3d 781, 783 (8th Cir. 2009) ("[A] federal district court's power to dismiss a case properly within its jurisdiction under the common law doctrine of forum non conveniens has been substantially eliminated by the federal transfer of venue statute.").)

The issue of transfer having been raised sua sponte, the Court hereby directs Defendants to submit additional briefing. Defendants shall indicate whether, in their view, Section 1404(a) mandates a transfer of this action to the District of Minnesota. Defendants' submission shall be filed by February 6, 2015. If Plaintiff wishes to respond to Defendants' submission, his response shall be filed by February 13, 2015.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is denied.

SO ORDERED.

Dated: January 26, 2015                  _____/s_____
       Brooklyn, NY                      Sterling Johnson, Jr., U.S.D.J.