UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
MICHAEL KHING and
MKS SUSHI, INC.,

        Plaintiffs,

    -against-

NAY LIN, NAY HLA, and
SUSHI AVENUE, INC.,

        Defendants.
-----------------------------------------------------X

14 CV 4004 (SJ) (RLM)

MEMORANDUM &
ORDER

A P P E A R A N C E S
LAW OFFICES OF VINCENT S. WONG
39 East Broadway
Suite 304
New York, NY 10002
By: Vincent Wong
*Attorney for Plaintiffs*

MADIGAN, DAHL & HARLAN, P.A.
222 South Ninth Street
Suite 3150
Minneapolis, MN 55402
*Attorneys for Defendants*

**JOHNSON, U.S.D.J:**

The facts and circumstances surrounding this action are fully set forth in the Court's January 26, 2015 order denying Defendants' motion to dismiss the complaint. (Dkt. No. 15.) Familiarity therewith is assumed. Briefly, Plaintiff

1

Michael Khing ("King") filed this diversity action for damages associated with a contract entered into between him and defendants Nay Lin ("Lin"), Nay Hla ("Hla") and Sushi Avenue, Inc. (collectively "Defendants"). Defendants are Minnesota residents and Sushi Avenue is a Minnesota corporation. Khing is a resident of New York. The parties entered into two agreements, one in 2005, and another in 2010, pursuant to which Defendants supplied sushi and sushi-related products to Plaintiff for resale at a Gourmet Garage establishment in New York. Khing alleges that Defendants failed to pay him in accordance with the agreements, an allegation that does not appear to be in dispute. Defendants move to transfer the action to the District of Minnesota pursuant to 28 U.S.C. § 1404(a).

DISCUSSION

Title 28 U.S.C. § 1404(a) ("Section 1404(a)") deems a viable motion to transfer one in which the action could have been brought in another district and would be more convenient for the parties in that other district. The goal of Section 1404(a) is to prevent wasting time, energy, and money while protecting litigants, witnesses and the public against unnecessary inconvenience and expense. See Laumann Mfg. Corp. v. Castings USA, 913 F. Supp. 712, 720 (E.D.N.Y. 1996).

The moving party has the burden of establishing the need to change forum with "an affidavit containing detailed factual statements explaining why the

transferee forum is more convenient, including the potential witnesses expected to be called." Scherillo v. Dun & Bradstreet, Inc., 684 F. Supp. 2d 313, 316 (E.D.N.Y. 2010); see also Laumann Mfg. Corp., 913 F. Supp. at 720. Courts have great deference in examining whether the action could have been brought in the proposed forum and whether, in the interests of justice, a transfer would promote the convenience of parties and witnesses. See Scherillo, 684 F. Supp. 2d at 317. The Court's January 26, 2015 order already found that the action could be brought in the District of Minnesota. (See Dkt. No. 15.) What remains to be determined is whether it ought to be held there.

*Interests of Justice*

Transfer analysis under Section 1404(a) is a flexible and individualized analysis and must be made on the unique facts presented in each case. See Scherillo, 684 F. Supp. 2d at 319. To determine whether transfer is appropriate, the court must weigh (1) convenience of the parties; (2) convenience of the witnesses; (3) relative means of the parties; (4) locus of operative facts; (5) attendance of witnesses; (6) plaintiff's choice of forum; (7) calendar congestion; (8) the desirability of having the case tried by the forum familiar with the substantive law to be applied; (9) practical difficulties; and (10) based on the totality of the circumstances, how to best serve the interests of justice. Id. at 318; see also Cali v. E. Coast Aviation Servs., 178 F. Supp. 2d 276, 292 (E.D.N.Y. 2001); Laumann

Mfg Corp., 913 F. Supp. at 720; United States Fid. & Guar. Co. v. Republic Drug. Co., 800 F. Supp. 1076, 1080 (E.D.N.Y. 1992); Hernandez v. Graebel Van Lines, 761 F. Supp. 983, 988 (E.D.N.Y. 1991).

Considering these factors, and Defendants' burden, the Court finds that transfer in this case is unwarranted. First and foremost, the Court notes that where transfer would shift the inconvenience from one party to the other, Plaintiff's choice of venue should be left undisturbed. See Scherillo, 684 F. Supp. 2d at 327. In this case, transfer to the District of Minnesota would do just that. A related factor is the relative means of the parties. Plaintiff alleges he performed work for Defendants, earning them money, without the agreed-upon compensation. Defendants do not deny this. To unilaterally diminish Plaintiff's pay and then demand that he travel to Minnesota to attempt to recoup it is, in this Court's estimate, going too far. There are sufficient ties to both states, but admittedly less of a burden for Defendants to travel here than for Plaintiff to travel to Minnesota. In fact, Defendants have traveled here in the past to seek out business opportunities for the company. Defendants state, in conclusory fashion, that "[a]ll of the witnesses" are located in Minnesota, without pointing out for the Court who besides the two owners of Sushi Avenue would be Minnesota-based witnesses. Finally, in this age of electronic communications, it is unmoving that documents are "located" in either New York (as Plaintiff argues) or Minnesota (as Defendants allege), so this factor holds little weight. The strongest factor in favor of transfer is

the agreed-upon application of Minnesota law. However, as Plaintiff is arguing that the contract is void as one of adhesion, it cannot even be said with certainty that Minnesota law will apply in the end. Moreover, there is no argument by Defendants that Minnesota contract law is distinct and unique such that it should only be interpreted by District Judges sitting in that state.

This case has been pending in this district for over a year and a transfer would further delay a resolution, as Plaintiff will most likely have to seek new counsel, who will then have to get up to speed. In totality, the Court finds Defendant Hla's affidavit to be woefully inadequate in addressing the Section 1404(a) factors, and the Court's own analysis of the record indicates that, considering the aforementioned goals of preserving resources and protecting litigants, transfer is not appropriate.

## CONCLUSION

For the foregoing reasons. Defendants' motion to transfer is denied. Discovery shall be expedited to the extent consistent with this opinion. The parties shall contact the Chambers of Judge Roanne Mann within a week of entry of this order. SO ORDERED.

Dated: July 27, 2015 _____/s_____
      Brooklyn, NY                      Sterling Johnson, Jr., U.S.D.J.